IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CATHRINE A. POST                                                    PLAINTIFF

V.                               NO. 2016–5364

LINDSEY MANAGEMENT CO., INC.                                        DEFENDANT

## AMENDED COMPLAINT

Plaintiff states for her Amended Complaint:

I.  **Nature of Action.**

1. Plaintiff brings this action for legal and equitable relief for violations of the Fair Standards Labor Act, 29 U.S.C. 201, *et seq.*; the Minimum Wage Act of the State of Arkansas, Ark. Code Ann. 11-4-201, *et seq.*; the Family Medical Leave Act, 29 U.S.C. 2601, *et seq.*; the Americans with Disabilities Act, 42 U.S.C. 12101, *et seq.*; and the Arkansas Civil Rights Act, Ark. Code Ann. 16-123-107 (Supp. 2015).

II.  **Parties, Jurisdiction, and Venue.**

2. Plaintiff is a resident of Washington County, Arkansas.

3. Defendant is an Arkansas corporation with its principal place of business located in Washington County, Arkansas. At all times relevant to this action, Defendant employed more than 500 people, engaged in interstate commerce, had and has annual gross sales exceeding $500,000.00, and was Plaintiff's "employer" as that time is defined in the above-referenced statutes.

    4. This Court has jurisdiction over the parties to and the issues of this action.

    5. Venue for this action is properly laid in this Court.

**III.    General Allegations.**

    6. For the three-year period preceding the termination of her employment on 11 November 2016, Defendant employed Plaintiff as a rental coordinator.  As a rental coordinator, Plaintiff was responsible for processing applicants for approximately 230 rental houses managed by Defendant for third-party owners, making these houses ready for new move-ins, completing "fill-in-the-blank" lease agreements, discussing terms and conditions of leases with tenants, collecting rents and posting eviction notices, taking calls about maintenance issues and arranging for repairs, and completing security deposit dispositions on all move-outs.  Plaintiff showed properties to prospective tenants and communicated with tenants by telephone, text messaging, and e-mail on a variety of issues.  Approximately 30 to 40 percent of Plaintiff's work time was devoted to data entry (applicant information, rent collections, purchase orders, etc.).

    7. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.   Plaintiff could not set rental rates or the amount of security deposits.  Plaintiff could not deviate from policies or guidelines without approval from her supervisor, Kyle Cook.  Plaintiff supervised no employees as Defendant's rental coordinator.  Plaintiff's work was closely monitored by Cook.

    8. Plaintiff was paid a set annual salary paid in equal bi-weekly installments.  This salary compensated Plaintiff for all hours Plaintiff worked.

    9. Plaintiff regularly worked in excess of 40 hours per week for the three-year period immediately preceding the termination of her employment.

10. Defendant did not pay an overtime premium to Plaintiff for hours she worked in excess of 40 hours per week.

11. Defendant, through Plaintiff's supervisor Kyle Cook, was aware that Plaintiff was working in excess of 40 hours per week. Defendant failed to keep accurate records of the time worked by Plaintiff.  Defendant failed to determine its liability for payment of overtime compensation to Plaintiff.

12.  Defendant knew or should have known that it was violating applicable law by not paying the overtime premium to Plaintiff for all hours worked in excess of 40 hours per week.

13.  Plaintiff was diagnosed with multiple sclerosis in September 2012 while she was working for Defendant as an auditor.  This impairment makes it difficult for Plaintiff to walk at times, to use her hands to hold objects or to type, causes Plaintiff to tire easily, and affects Plaintiff's memory when she is overly fatigued.  Plaintiff cannot tolerate extreme temperatures.

14. Plaintiff's supervisor in her last position with Defendant, Kyle Cook, learned of the diagnosis before Plaintiff began working under his direction as a rental coordinator.  Plaintiff was initially reluctant to work as a rental coordinator because it required her to be on the job 24 hours a day, seven days a week, 365 days a year.  Cook and Betsy Fox, Defendant's Director of Human Resources, assured Plaintiff that they would accommodate her impairment.

15.  Cook and Fox failed, however, to accommodate Plaintiff's impairment.

16.  As a consequence of Plaintiff's unrelenting work schedule and Defendant's failure to accommodate her physical impairment, Plaintiff took three days' vacation from 12 October 2016 to 14 October 2016.

17.  Although Plaintiff was on vacation, Cook contacted her on multiple occasions about

work-related matters.  Cook knew that Plaintiff was on vacation.

18.  On 18 October 2016, Plaintiff was reprimanded by Cook (in Fox's presence) for various alleged failures including not answering her phone while she was on vacation.  Plaintiff reminded Cook and Fox that she had multiple sclerosis and that her fatigue made it difficult for her to perform her job because she did not have anytime away from work.  Plaintiff asked them if she could alternate weekend duties with another rental coordinator so that she (Plaintiff) could have (alternating) full, uninterrupted weekends to rest.  Cook and Fox denied this request.  They told Plaintiff that she could monitor telephone activity every three hours at nights and on weekends.

19. Later that same day, Plaintiff asked Cook to meet with him on 01 November 2016 to discuss her job performance.  Cook declined to meet with Plaintiff telling Plaintiff that she needed to either catch up on her work or be fired.

20. Because of the extreme fatigue caused by her working conditions and Defendant's failure to accommodate her impairment, Plaintiff took medical leave under the Family Medical Leave Act 25 October 2016 through 28 October 2016 for treatment by her neurologist.  Cook was aware that Plaintiff was on medical leave during this time.

21.  Notwithstanding Plaintiff being on medical leave, Defendant would not relieve her of her duty to answer the phone.  Cook contacted Plaintiff on numerous occasions while Plaintiff was on medical leave.

22.  Plaintiff complained to the United States Department of Labor on 31 October 2016 about Defendant interfering with her medical leave.

23.  The Department of Labor contacted Defendant about its interference with Plaintiff's

medical leave and secured an agreement with Defendant to restore one-half day's vacation to Plaintiff.

24.  Defendant fired Plaintiff on 11 November 2016.

25.  Plaintiff had satisfactorily performed the essential functions of her job without any accommodations for several years.  Plaintiff could have continued to satisfactorily perform her job had Defendant agreed to a reasonable accommodation for Plaintiff's physical impairment.

26.  Plaintiff has suffered economic loss and emotional and mental anguish because of the termination of her employment.

## IV.    Count One – Unpaid Overtime Compensation.

27.  Defendant willfully failed to pay Plaintiff an overtime premium for all hours work in excess of 40 hours per week for the three-year period ending with the date this Complaint is file.

28. Plaintiff is entitled to Judgment against Defendant for an amount equal to the unpaid overtime premium and an equal amount of liquidated damages.

## V.    Count Two – Disability Discrimination.

29. Plaintiff's physical impairment was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

30.  Defendant terminated Plaintiff's employment in willful disregard of her right to employment without regard to her physical impairment if she could perform the essential functions of her job with a reasonable accommodation.

31. Plaintiff timely filed a Charge of discrimination with the United States Equal Employment Opportunity Commission on her claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. 12101.  The Equal Employment Opportunity

Commission has issued Plaintiff a Notice of Dismissal of her Charge. A copy of such Notice is attached to and incorporated into this Amended Complaint as Exhibit A.

## V. Count Three – Retaliation.

32. Plaintiff was fired because she made a complaint to the Department of Labor about Defendant requiring her to work while she was on medical leave taken under the Family Medical Leave Act.

33. Defendant's actions were taken in knowing and deliberate disregard of Plaintiff's right under the Family Medical Leave Act to complain to the Department of Labor about Defendant's interference with her medical leave.

## VI. Relief Requested.

34. Plaintiff asks this Court to award her Judgment against Defendant for:

    A. An amount equal to the unpaid overtime premiums due Plaintiff for all hours in excess of 40 hours per week worked by Plaintiff for the three-year period ending with the filing date of this Complaint.

    B. An award of liquidated damages equal to the amount of damages awarded for the unpaid overtime compensation.

    C. Back pay from the date of the termination of her employment, 11 November 2016, through the date this action is tried less any compensation she earns during this period.

    D. Damages for the emotional distress and mental anguish caused Plaintiff by the termination of her employment.

    E. Punitive damages.

    F. Reinstatement into her former position or into a comparable position or, in lieu

of reinstatement, an award of front pay.

      G.  Attorney's fees.

      I.  Court costs.

      J.  All other relief to which Plaintiff proves herself entitled.

35.  Plaintiff demands a trial by jury on all issues so triable.

                            CATHRINE A. POST,
                            PLAINTIFF

                            By:

                            /s/ Stephen Lee Wood.
                            Stephen Lee Wood (81170)
                            Stephen Lee Wood, P.A.
                            110 South 2d Street
                            Rogers, AR 72756
                            479-631-0808
                            479-631-1711 (facsimile)
                            slwpa@sbcglobal.net

<u>CERTIFICATE OF SERVICE</u>

  I certify that on this 20 February 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

    Ms Brook A. Brewer
      bbrewer@littler.com

      /s/ Stephen Lee Wood.
      Stephen Lee Wood (81170)
      Attorney for Plaintiff
      Stephen Lee Wood, P.A.
      110 South Second Street
      Rogers, AR 72756
      479-631-0808
      slwpa@sbcglobal.net

Post – Amended Complaint/slw3/